EDITH ESTABROOK *vs.* WALTER BARTON.

EDITH ESTABROOK *vs.* RYAN OF BOSTON, INC.

Sagadahoc.    Opinion, March 2, 1942.

*Frank T. Powers,* Lewiston, for plaintiff.

*Charles T. Smith, Jr.,* Bath, for defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

PER CURIAM.

Plaintiff in these two cases seeks to recover separately from the operator of a motor truck, admitted to have been the servant and agent of the owner thereof at the time pertinent, and from such owner, for injuries suffered late at night on an October day when in driving her own automobile along a highway in Brunswick, she collided with that motor truck, then stationary thereon and, as she alleges, unlighted. The plaintiff suffered substantial injuries.

The cases come to this Court upon motions for new trial, filed by both parties. The motions of the defendants are in the usual form and are based upon the usual grounds. Those of the plaintiff allege that the damages assessed in her favor (she secured a verdict for $2000 in each case) are inadequate. The only issues to be determined, however, are those raised by the motions of the defendants, since the plaintiff at argument waived her claim that the awards were not sufficient.

The issues involve the questions whether the jury findings (1) that the defendants were negligent, and (2) that the plaintiff was not contributorily negligent, are properly supported by the testimony in the record.

There was a very distinct issue of fact before the jury as to whether or not defendant's truck was lighted. "It is indisputable that leaving an unlighted obstruction in a highway at night creates a hazard for travellers." *Richard* v. *Maine Central Railroad Company*, 132 Me., 197, 168 A., 811. The jury finding, which must have been that the truck was unlighted, has ample support in evidence.

A single fact involved in determining the issue as to contributory negligence on the part of the plaintiff presents also some conflict of testimony, i.e., the position of the truck laterally on the traveled part of the highway, but the whole picture of the conduct of the plaintiff prior to the impact of her vehicle against defendant's truck was presented to the jury. Whether the finding was based upon the jurors' acceptance of the testimony of the plaintiff that the unlighted truck occupied a considerable part of that portion of the highway on her

right hand side, as she was progressing, or a determination that under all the circumstances her driving met the requirements of due care regardless of the lateral position of the truck, it seems clear upon the authorities that the issue of contributory negligence was a factual one for jury determination. *Shaw* v. *Bolton*, 122 Me., 232, 119 A., 801; *Tomlinson* v. *Clement Brothers*, 130 Me., 189, 154 A., 355.

Defendants urge in argument, notwithstanding allegation in their motions that the damages awarded were excessive, that they were, on the contrary, so manifestly inadequate as to evidence compromise verdicts which, under the rule declared in *Chapman* v. *Portland Country Club*, 137 Me., 10, 14 A., 2d, 500, would entitle the defendants to new trials on the ground that they "must be considered invalid as a whole." In *Giles* v. *Perkins*, 138 Me., 96, 22 A., 2d, 132, this Court gave consideration to a similar argument advanced by a defendant who sought new trial, as is the case here, on allegation that the verdict challenged was excessive, but it there emphasized the principle that "there must be prejudicial error to the complaining party to justify granting a new trial," and left the verdict undisturbed. Such must be the result in the present cases. The verdicts, notwithstanding plaintiff's out-of-pocket cost was substantially more than half the amount awarded, must be accepted as representing the well-reasoned and considered judgment of the jury.

Plaintiff's motions having been withdrawn, the mandate in each case is

*Defendant's motion overruled.*